UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE CRAWFORD,

    Petitioner,

-vs-                                        Case No. 8:04-cv-2277-T-27TGW

JAMES V. CROSBY, JR., et al.,

    Respondents.
_____/

## ORDER

Before the Court is Petitioner's amended petition for federal habeas relief filed pursuant to 28 U.S.C. §2254 challenging a state conviction for possession of a firearm by a convicted felon entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 6). Respondents have filed a response to the petition (Dkt. 13). Petitioner has filed a reply to the Respondents' response (Dkts. 14-15). The Court finds that, for the reasons set forth below, Petitioner has failed to demonstrate that he is entitled to federal habeas relief.

### Background

On April 7, 1999, Petitioner was charged by information with aggravated assault, carrying a concealed firearm, felon in possession of a firearm, and obstructing or opposing an officer without violence in Case No. 99-00004763 (Dkt. 11, Ex. 13, Vol. I at 11-14). On September 1-2, 1999, the case proceeded to trial for the offense of felon in possession of a firearm, and the jury found Petitioner guilty of possession of a firearm by a convicted felon as charged. (Dkt. 11, Ex. 13, Vol. II at 1-196). On October 4, 1999, Crawford was sentenced to thirty (30) years imprisonment as a habitual felony offender (Id. at 211). The State then announced a nolle

pros as to Counts I, II, and IV of the Information. (Id. at 216-217).

Petitioner filed a direct appeal (Dkt. 11, Ex. 1). On February 2, 2001, the appellate court per curiam affirmed Petitioner's conviction and sentence (Dkt. 11, Ex. 3); *See Crawford v. State*, 782 So. 2d 390 (Fla. 2nd DCA 2001)[Table].

On March 11, 2002, Petitioner filed a petition for writ of habeas corpus in the state appellate court alleging his appellate attorney was ineffective (Dkt. 11, Ex. 5). On October 31, 2002, the appellate court denied the petition for writ of habeas corpus (Dkt. 11, Ex. 7).

On January 2, 2003, Petitioner filed in the state circuit court a Rule 3.850 post-conviction motion claiming ineffective assistance of counsel (Dkt. 11, Ex. 8). On March 17, 2003, the circuit court summarily denied Petitioner's post-conviction motion (Dkt. 11, Ex. 9).

Petitioner appealed the denial of his post-conviction motion, and on September 10, 2003, the appellate court per curiam affirmed the denial of post-conviction relief (Dkt. 11, Ex. 11); *See Crawford v. State*, 865 So.2d 491 (Fla. 2nd DCA 2003)[Table]. The appellate court issued its mandate on December 1, 2003 (Dkt. 11, Ex. 12).

Petitioner filed his amended petition[1] for writ of habeas corpus in this Court on November 10, 2004 (Dkt. 6).[2]

## Discussion

**Timeliness Analysis**

---

[1]On October 22, 2004, the Court issued an order striking Petitioner's petition for writ of habeas corpus because it significantly varied from the form prescribed by the Rules Governing Section 2254 Cases (Dkt. 4).

[2]Although the Court received Petitioner's amended petition on November 22, 2004, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Because Petitioner filed his request for federal habeas relief after the enactment date of the AEDPA, the petition is governed by the provisions thereof. *See Webster v. Moore*, 199 F.3d 1256, 1258-59 (11th Cir. 2000), *cert. denied*, 531 U.S. 991 (2000) (applying AEDPA provisions to petition filed in 1997 challenging 1989 conviction).

As Respondents correctly argue, the latest date on which Petitioner's conviction and sentence became final for §2244(d) purposes is May 3, 2001, ninety (90) days after the appellate court filed its opinion affirming the conviction and sentence imposed by the trial court on February 2, 2001 (Dk. 11, Ex. 3); *See Crawford v. State*, 782 So. 2d 390 (Fla. 2nd DCA 2001)[Table]. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that "the limitations period did not begin to run until the 90-day window during which [the §2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired."); Sup. Ct. R. 13 ("A petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the

judgment. . . . or order sought to be reviewed, and not from the issuance date of the mandate."). *See also, Clay v. United States*, 537 U.S. 522, 525 (2003) (stating that the 90 days allowed for filing a petition for writ of certiorari begins on the date the appellate court issues its opinion on the direct appeal, not from the date the appellate court issues its mandate). Accordingly, Petitioner had until May 3, 2002, to file a federal habeas petition, absent collateral state court activity. *See* § 2244(d)(2).

Petitioner did not file any collateral state court actions until March 11, 2002, when he filed his state habeas petition in the appellate court (Dkt. 11, Ex. 5). By that time, 311 days of the one-year limitation period had elapsed. Consequently, when the appellate court issued its order on October 31, 2002, denying Petitioner's state habeas petition, only fifty-four (54) days of the statutory limitations period remained unexpired. In other words, to be considered timely, Petitioner's federal habeas petition had to be filed on or before December 24, 2002. *See* 28 U.S.C. § 2244(d).

On January 2, 2003, Petitioner filed his state 3.850 post-conviction motion (Dkt. 11, Ex. 8). However, that post-conviction motion, filed after December 24, 2002, did not toll the federal limitations period because that period had already expired.[3] In *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert denied*, 534 U.S. 1144 (2002), the Eleventh Circuit reiterated its holding in *Webster*, 199 F.3d at 1259, that a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period

---

[3] Even if Petitioner's motion for post-conviction relief had tolled the limitations period, the post-conviction proceeding became final on December 1, 2003, when the state appellate court issued its mandate affirming the denial of the post-conviction motion (Dkt. 11, Ex. 12). Petitioner waited until November 10, 2004, another 343 more days, to file his amended petition for federal habeas corpus relief (Dkt. 6).

remaining to be tolled." *Id.*

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.' " *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (*quoting Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). Petitioner has failed to show that any extraordinary circumstance beyond his control made it impossible for him to file his petition for writ of habeas corpus in a timely manner. *See Helton v. Sec. for the Dept. of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").

In his reply, Petitioner essentially admits that his petition is untimely, but he claims that he is entitled to equitable tolling because he was denied access to his legal materials for twenty-eight (28) months. Specifically, he claims that on February 7, 2003, he was transferred from Liberty Correctional Institution ("LCI") to Calhoun Correctional Institution without his legal material, and that the librarian at LCI kept his legal material for 28 months (Dkt. 15 at 3). However, Petitioner fails to allege facts which show he failed to timely file his petition because of exceptional circumstances that were beyond his control and unavoidable with diligence.

First, Petitioner does not allege that he was without his legal materials prior to December 24, 2002, when the limitation period for filing his federal habeas petition lapsed. LCI's alleged possession of Petitioner's legal materials for 28 months following his transfer from LCI to another prison on February 7, 2003, is of no consequence as the limitation period already

5

expired.

Second, despite that Petitioner was allegedly without his legal materials between February 2003 and June 2005 (28 months), on May 15, 2003, he was able to file his appellate brief in the appeal of the denial of his 3.850 post-conviction motion and therein cite to the record on appeal (Dkt. 11, Ex. 10), and he was able to file his amended petition for federal habeas relief on November 10, 2004 (Dkt. 6). Therefore, Petitioner does not show extraordinary circumstances existed which prevented him from timely filing his petition.

Third, Petitioner fails to assert facts showing that he acted with due diligence in attempting to obtain his legal materials and made reasonable efforts to timely file his petition. Thus, Petitioner's allegations fail to meet the standard necessary to justify equitable tolling of the one year limitation period prescribed by 28 U.S.C. §2244(d). *See Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2006)("periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate.").

Finally, even if the petition were not time-barred, Petitioner would not be entitled to habeas corpus relief, on the merits, for the reasons set out in Respondents' response. The Court finds the Respondents' arguments persuasive. Petitioner's reply arguments on the merits are not persuasive.

## Conclusion

Having considered the parties' arguments, applicable statutes, and controlling case law, this Court finds that Petitioner's request for federal habeas relief must be denied as time-barred pursuant to 28 U.S.C. 2244(d).

ACCORDINGLY, the Court **ORDERS** that:

1. The Amended Petition for Writ Of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** (Dkt. 6).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _November 15th_, 2007.

　　　　　　　　　　　　　　　　　　JAMES D. WHITTEMORE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

SA:sfc

Copies furnished to:
Counsel/Parties of Record